Gonzalo **HERNANDEZ–MONTELON-GO; Marisol Guzman–Alearo; and Noemi Hernandez–Guzman, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76419.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

John C. Nelson, Esq., Newport Beach, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Greg D. Mack, Esq., Leslie Mckay Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

### MEMORANDUM **

Gonzalo Hernandez–Montelongo, and his wife and daughter, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal, which the BIA construed as a motion to remand based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), we deny the petition for review.

The BIA did not abuse its discretion in concluding that Petitioners failed to satisfy the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), because petitioners concede that they did not provide their former counsel with notice of their allegations. *See Reyes v. Ashcroft*, 358 F.3d 592, 599 (9th Cir.2004).

Contrary to Petitioners' contention, the facts underlying their ineffective assistance of counsel claim—that their former counsel failed to timely file their cancellation applications—are not undisputed in the record. *See id.* (recognizing that compliance with the *Lozada* requirements is not arbitrary or onerous where the underlying claims are controverted).

We deny Petitioners' request that we take judicial notice that their former attorney is no longer eligible to practice law in California, and remand the case to the BIA, because the proper recourse is to file a motion to reopen with the BIA. *See Iturribarria v. INS*, 321 F.3d 889, 896–97 (9th Cir.2003); 8 C.F.R. § 1003.2(c)(1).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

